164    SUPREME COURT OF GEORGIA.

Carter *vs.* Walters, executor.—Barnes *vs.* Moore, Marsh & Co., etc.

## CARTER *vs.* WALTERS, executor.

A distress warrant will not be dismissed because sued out by one of two executors, especially where the contract of rent was made with him alone.

WARNER, Chief Justice.

---

## BARNES *vs.* MOORE, MARSH & COMPANY.

[Jackson, Justice, was providentially prevented from presiding in this case.]

If a mortgagor, having the money to pay off the incumbrance (the debt being past due), and intending so to apply it, changes his mind, and concludes to expend it and does expend it in purchasing goods of the mortgagee, upon a parol agreement by the latter to indulge him on the mortgage for another year, and to extend to him a limited credit for other goods to be subsequently sold to him within that period, this agreement does not become a part of the mortgage contract, but is separate and distinct from it, and damages alleged to have resulted from a breach of the agreement in refusing to sell goods on a credit as stipulated, cannot, by way of recoupment (that mode of defense being the only one offered or insisted upon), be applied in reduction of the mortgage debt, on a rule to foreclose.

BLECKLEY, Justice.

---

## BOSTON *vs.* THE GEORGIA RAILROAD.

When this case was here on demurrer (60 *Ga.*, 339) it was held that "a person who declares that he was upon a railroad track by its consent and was injured by the running of the cars caused by unusual loading of the same—the timbers projecting seven feet beyond the track, and he standing that distance from it at night, supposing himself safe at such a distance from the rail—several other trains properly loaded having passed without injury to him, has the right to go to the jury, the question of negligence being one peculiarly for the jury, the presumption in all cases being against the company; and a declaration alleging facts to the effect above stated, should not have been dismissed on demurrer." On the trial before the jury, it did not appear that the plaintiff was on the em-